Phillips et al. *v.* Romesberg, Appellant, et al.

Argued April 10, 1945. Before BALDRIGE, P. J.,
RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Leland W. Walker,* for appellant.

*Frank S. Lucente,* with him *Budd B. Boose,* for appellees.

OPINION BY ARNOLD, J., July 19, 1945:

A bill in equity was filed to restrain the defendant-appellant, Calvin J. Romesberg, from removing rails and ties of a tramroad from the plaintiffs' property.

On February 6, 1923 Atlantic Fuel Co. gave its bond and mortgage to Atlantic Coal Co. to secure a debt of $40,000, the mortgage being upon eleven tracts of land in Somerset County. This mortgage contained no "after acquired property" clause.

On June 1, 1927 W. H. Kramer, trustee for himself and others, acquired a surface acreage called the Consolidation tract. On April 28, 1927 Atlantic Fuel Company acquired a surface acreage called the Rubright tract. These two tracts were never subject to the lien of the mortgage.

On April 3, 1929 after resolution of Atlantic Fuel Company, it and Kramer, trustee, conveyed the Consolidation tract and the Rubright tract to Charles E. Bird in trust for himself and others for money already

advanced to the Atlantic Fuel Company and $3,000 to be advanced. The declaration of trust by Bird, trustee, showed the advance to be $12,000, and that the properties would be reconveyed to Atlantic Fuel Company upon that payment prior to April 3, 1934 (at its utmost limit).

On October 27, 1939 no redemption having been made, Bird, trustee, conveyed the two tracts to the plaintiffs-appellees and Kramer (whose interest passed to Harry G. Phillips).

On November 24, 1937 defendant-appellant took an assignment of the bond and mortgage given by Atlantic Fuel Company to Atlantic Coal Company in 1923. At this time the period of redemption under the trust declaration had expired three years before.

On December 4, 1937 defendant-appellant confessed judgment against Atlantic Fuel Company on the bond accompanying the mortgage, and issued a fi. fa. against real estate under which the sheriff levied upon and sold the eleven tracts of land described in the mortgage.

Prior to the sheriff's sale, plaintiffs-appellees (to whom passed the title of Bird, trustee) gave written notice to the sheriff (read at the sale) that the tramroad, tipple and siding on the Rubright and Consolidation tracts were not owned by the Atlantic Fuel Company, that it had no interest therein, and that any purchaser would acquire no title.

On February 28, 1938 the sheriff made his deed to Romesberg *for the eleven tracts described in the mortgage,* which deed did not mention or describe the Rubright or the Consolidation tracts, nor the tramroad, siding or tipple which were not levied upon either as personalty or realty. The defendant-appellant purchased at the sheriff's sale in the face of the written notice of the plaintiffs-appellees.

In June, 1940 the defendant-appellant attempted to remove the tramroad, siding, etc. from the Rubright and Consolidation tracts and the owners filed the in-

stant bill in equity to restrain him. Defendant filed an answer and claimed the ownership of the rails, etc. solely because, "The said improvements by construction, adaptation and use became appurtenances to and part of the coal mining ...... plant of the ...... Fuel Company, and passed ...... under the writ of execution, issued ......"; and "The said improvements were in the nature of a use, servitude and easement upon and over said lands, and never were any part thereof." Nowhere in the answer was it alleged that Atlantic Fuel Company was insolvent when it conveyed to Bird, trustee, nor do the words "insolvent" or "insolvency" appear; nor the words "fraud on creditors" or "unlawful preference to directors or officers".

The learned chancellor certified the issue of title to the property to the law side of the court and the jury found for the plaintiffs-appellees. The chancellor then made findings of fact, conclusions of law and decree nisi and final decree enjoining the defendants.

Appellant presents two questions. First, that part of the rails in question had been removed from the land bound by the lien of the mortgage and, therefore, passed by sheriff's deed. Second, that the solvency of Atlantic Fuel Company at the time of the conveyance to Bird, trustee, was a relevant fact.

The lien of the mortgage never attached to the Rubright and Consolidation tracts, nor were said tracts sold on the fi. fa. issued. There was no levy on the rails, etc. as realty or as personal property. Therefore, no title to the rails, etc. passed to Romesberg by the sheriff's sale. The learned chancellor was unquestionably correct when he stated, "The property ...... was never subject to the lien of said mortgage or the judgment confessed ...... except that some of the second-hand rails and ties were taken from the mortgaged premises and used in ...... the tramway upon the said two tracts of land. Whatever property was taken ...... and so used has become so commingled with other and

new property that it has lost its identity and could not be made the subject of a lien, levy and sale as the property of the Atlantic Fuel ...... nor did the lien of the mortgage extend or follow said property on adjoining tracts of land ...... He (Romesberg, because of the written notice of plaintiffs) is not an innocent purchaser without notice or knowledge. The defendant's evidence fails to establish any title to or right of possession to the property in dispute." The learned chancellor was also correct in refusing to open up the question of solvency of the Fuel Company, or its alleged preference to its officers who were creditors; for such defense was not pleaded by the defendant-appellant, and the alleged "preference" (the conveyance by Corporation to Bird, trustee) occurred in 1929. Neither the original mortgagee, nor the first assignee (a bank) raised any question of preference or diminution of the mortgage security. Indeed the present appellant who purchased the mortgage in 1937 raised no such questions until the instant trial in 1942.

The decree of the court below is affirmed at the cost of appellant.